ORIGINAL

# In the United States Court of Federal Claims

No. 17-763C

(Filed: June 22, 2017)

* * * * * * * * * * * * * * * * * * * * * *

DEREK N. JARVIS,

        *Plaintiff,*

v.

THE UNITED STATES,

        *Defendant.*

* * * * * * * * * * * * * * * * * * * * * *

FILED

JUN 2 2 2017

U.S. COURT OF
FEDERAL CLAIMS

<u>ORDER</u>

Plaintiff Derek Jarvis appearing *pro se*, filed a complaint seeking an order to compel the United States Department of Housing & Urban Development to disclose requested records under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012). Defendant has not responded to the complaint, but we need not wait for a response because it is clear on the face of the complaint that we lack jurisdiction to provide plaintiff the relief he seeks.

Jurisdiction is a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). The court may raise the issue *sua sponte* at anytime. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC Rule 12(h)(3). Although *pro se* plaintiffs are afforded latitude in their pleadings, that cannot excuse a lack of jurisdiction. *See Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

It is well established that this court does not have jurisdiction over an alleged violation of FOIA. *Treece v. United States*, 96 Fed. Cl. 226, 232 (2010) (dismissing FOIA claims because the district courts have exclusive

jurisdiction over such matters).   In fact, the statute that plaintiff cites as providing jurisdiction in this court makes clear that FOIA claims are to be brought in district court.  5 U.S.C. § 552(a)(4)(B) ("On complaint, the district court of the United States in the district . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records . . . .").  The complaint must be dismissed.

Plaintiff also filed a motion to proceed *in forma pauperis*.  For good cause shown, that motion is granted. Accordingly, the following is ordered:

1.  Plaintiff's June 6, 2017 motion to proceed *in forma pauperis* is granted.

2.  The Clerk of Court is directed to dismiss the complaint for lack of jurisdiction and enter judgment accordingly.

ERIC G. BRUGGINK
Senior Judge

2